IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL J. SWANSON,

    Petitioner,       No. CIV S-05-2206 MCE KJM P

    vs.

TOM CAREY, Warden,

    Respondent.       FINDINGS AND RECOMMENDATIONS

/

    Plaintiff is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the use of an assessment of his dangerousness prepared as part of the life prisoner evaluation report by a correctional counselor in anticipation of his 2001 parole hearing. He also challenges the subsequent denial of parole in 2003. Respondent has brought a motion to dismiss the challenge to the 2001 proceeding on the ground that this portion of the petition was filed outside the statute of limitations.

I. Background

    On March 13, 2001, petitioner filed a prison grievance (a 602), challenging "issues which have the potential to prejudice the outcome" of the parole hearing then scheduled for April 11, 2001, specifically, the use of an evaluation of petitioner's dangerousness prepared

by a correctional counselor.  Petition (Pet.), Ex. 1, Grievance 01-00663.[1]  This grievance was denied at the second level of review on April 6, 2001.  Id., Ex. 1, Second Level Appeal Response.  The third or Director's Level response, also denying the appeal, was issued on February 20, 2002.  Id., Ex. 1, Director's Level Appeal Decision.

Petitioner's initial state habeas petition was filed in Solano County Superior Court on September 16, 2002; it was mailed on September 11, 2002.  Motion to Dismiss (MTD), Ex. A at 6, 64.  This petition was denied on October 9, 2002.  Id. at 2.

Petitioner next filed a state habeas in the Court of Appeal for the First Appellate District on August 20, 2003.  Id., Ex. B.  This petition was denied on August 21, 2003.  Id., Ex. A at 1.

Finally, petitioner filed a state habeas petition in the California Supreme Court on August 11, 2004.  Id., Ex. C at 2.  The court denied the petition on July 13, 2005, with citations to In re Dannenberg, 34 Cal.4th 1061 (2005), In re Rosenkrantz, 29 Cal.4th 616 (2002), In re Robbins, 18 Cal.4th 770, 780 (1998), People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949).  Id., Ex. C at 1.

II. Analysis

The AEDPA includes a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

---

[1] Attached to the petition is Exhibit 1, which is a copy of the state writ petitioner filed in the California Supreme Court with its exhibits.  Many of the exhibits are given letter designations, but several of those relating to the 602 are not so labeled.  They will be referred to by the document title or type.

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. In parole cases, the date that triggers the federal statute of limitations is the date on which the factual predicate of the claims could have been discovered, which is usually the date petitioner learns of the result of the administrative appeal of the denial of parole. Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003).

Respondent argues that the triggering date is February 20, 2002, which is the date the Director's Level decision was issued on the appeal from petitioner's pre-hearing grievance challenging the use of the correctional counselor's threat assessment during petitioner's 2001 parole hearing. Petitioner does not directly challenge this date as being the triggering factual predicate: in his opposition to the motion to dismiss, he offers copies of challenges to subsequent parole determinations, but has not presented anything showing when his administrative appeal of the 2001 parole decision itself was denied. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (petitioner's burden to present evidence of different triggering date). Accordingly, the statute of limitations began to run on February 21, 2002, and expired February 21, 2003, absent any tolling. See Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

/////

1    The statute of limitations is tolled during the pendency of any "properly filed" state
2 collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).
3 Based on the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), a document is
4 filed when it is given to prison authorities for mailing. In this case, based on the record before the
5 court, the date on the certificate of service – September 11, 2002 – is the date the petition was
6 given to prison authorities for mailing. Accordingly, the statute of limitations was tolled from
7 September 11, 2002 until October 9, 2002, a period of twenty-eight days; the expiration of the
8 statute of limitations was thus extended until March 21, 2003.
9    In some instances, the "gap" between the denial of a petition at one level and the
10 filing of a petition at the next level is deemed to be part of the time during which the petition was
11 pending, so long as there was not undue delay between the denial of one petition and the filing of
12 another. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). In Evans v. Chavis, 546 U.S.
13 189, 126 S.Ct. 846, 852 (2006), the Supreme Court directed the federal courts to determine
14 whether a "gap" petition was delayed unreasonably, even when a state court did not deny the
15 petition as untimely. The court suggested that a gap longer than the thirty to sixty days permitted
16 in states with written rules for filing might be reasonable, while six months would not be. Id. at
17 854.
18    The gap between the denial of the Superior Court petition on October 9, 2002, and
19 the filing of the Court of Appeal petition on August 20, 2003, is a period of just over ten months,
20 significantly longer than the six months the Supreme Court found to be presumptively
21 unreasonable. Id.
22    Petitioner argues that the delay was justified because he was attempting to make
23 arrangements for the cremation and interment of his mother's ashes from prison, which, he argues,
24 is a difficult task. Opp'n at 2. The court has no doubt that accomplishing such a task from prison
25 is indeed difficult. Nevertheless, petitioner reports that his mother died on May 31, 2002, several
26 months before the Superior Court petition was filed; he does not explain how this event continued

4

to delay his litigation for six months or so after its unfortunate occurrence.

Both parties discuss the timing of the petition to the Supreme Court, with petitioner relying on problems with his access to the law library in 2004 and 2005 and the need for him to research his claim that events at the 2003 parole hearing violated his plea bargain.  Opp'n at 3-4. However, because the statute of limitations expired before the Court of Appeal petition was filed, the timing of the Supreme Court petition is not relevant.  Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003) (state petition filed outside the statute of limitations does not revive it).

Accordingly, the statute of limitations as to the challenge to the 2001 parole denial expired on March 21, 2003; the instant petition, filed October 31, 2005 is untimely as to that challenge only.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the challenge to the 2001 parole hearing be granted and that respondent be directed to file an answer to the challenges to the 2003 parole hearing within sixty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2007.

_____
U.S. MAGISTRATE JUDGE

2/swan2206.157